Mr. Justice James
delivered the opinion of the Court-:
This cause is now here on a second appeal. 2 Mackey, 127. It is an action for damages resulting from a nuisance alleged to have been caused by the defendants. The nuisance complained of was the discharge upon the land of the plaintiff of filth issuing from sewers on the property of the defendants. The amended declaration alleges, among other injuries, that during the period of three years mentioned therein “The value of the plaintiff’s * * * premises has been greatly diminished, either for the use of the plaintiff or for sale or leasing to others.” It is neither alleged nor proven that an attempt to sell was in fact made and defeated by the operation of the nuisance. In this state of case the Court charged the jury, in respect of the measure of damages, in the following words :
“ One other ground upon which to base your verdict *7 would be depreciation in value of the property, if you find there was any. It is testified to by some of the witnesses that this property, in that position during that time, had a certain marketable value; and that this value in the opinion of those same witnesses was reduced to the extent that they spoke of because of the alleged nuisances. I have told you that it has been decided, in cases heretofore tried in this Court, that you may take into consideration in estimating your verdict the extent to which this land decreased in value, if you find that it decreased any by reason of this cause. You may take into consideration the circumstances that have been testified to before you, that it was worth a certain sum without this alleged nuisance, and a certain amount with it; and the difference between those two sums you can take as the principal, upon which a rate of interest may be allowed as the measure of damages. The testimony is not very full on this point. If you can determine from the testimony that this land had a certain value during that time (the best proof would be, of course, an offer to purchase at that time; and there is no distinct proof that he lost a sale; but notwithstanding) and if you find — if you come to the conclusion — that the plaintiff did sustain a loss in this particular from these supposed nuisances during the time referred to, he would be entitled to recover, although he cannot prove that he actually lost a sale during that period.”
The jury were here instructed in effect that they might assume that interest on the difference between its market values with and without the nuisance was a fair measure of the use and enjoyment of which he had been deprived, although it should not appear that he had lost a sale, and in that way been deprived of the enjoyment of the difference of the values.
We have just had occasion to consider this measure of damages in the case of Hetzel vs. Baltimore, etc., R. R. Co., ante, 1, and have there held that it is applicable only *8 where a sale has been actually defeated by the operation of the nuisance. When the owner of the land has not shown any intention or desire to sell, the jury is not authorized to assume that he has lost a sale in contemplation of law, or to assume that his diminished enjoyment- of the land as land is measurable by that test.
In the absence of any loss of sale, the only question to be considered is the extent to which he has been .deprived of the enj oyment of his land. Undoubtedly the value of the property may be considered for the purpose of ascertaining the damages caused by diminished enjoyment. The use of a very valuable home is of course estimable at a higher value than the use of a less valuable home, and the wrongful diminution of that use and enjoyment involves damages in the same proportion. But the jury must estimate the damages on this basis without resorting to the rate of interest as a measure. While it may be presumed that money is worth the legal rate of interest, and damages for the withholding of it may be measured in that way, there is no presumption that the enjoyment of any other form of property is equal to interest on its money value. It is not admissible, therefore, to assume as a matter of law that the loss of enjoyment, occasioned by the diminution of its value, is to be measured by interest on the diminution of value.
We think, then, that this instruction was erroneous, and that it was of material importance.

Judgment is, therefore, reversed, and the cause is remanded for a neiu trial.